# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
### THIRD DIVISION

UNITED STATES OF AMERICA,                                      Criminal No. 07-431(3)  PJS/AJB

                            Plaintiff,

                                                                     **ORDER ON**
v.                                                                    **MOTIONS**

EVAN S. CROWN,

                            Defendant.


        Kimberly A. Svendsen, Esq., Assistant United States Attorney, for the plaintiff, United States
of America;

        Howard I. Bass, Esq., for the defendant, Evan S. Crown.


        This action came on for hearing before the Court, Magistrate Judge Arthur J. Boylan,

on March 20, 2008, at the U.S. Courthouse, 300 South Fourth St., Minneapolis, MN 55415.  The

government moved for discovery pursuant to Federal Rules of Criminal Procedure.  Defendant

presented numerous motions for discovery and disclosure, severance, and suppression of evidence.

        Based upon the file and documents contained therein, along with the memorandums and

arguments of counsel, the magistrate judge makes the following:

### ORDER

        1.  **Government's Motion for Discovery Pursuant to Federal Rules of Criminal**

**Procedure 16(b), 12.1, 12.2 and 26. 2.**  The government moves for discovery of materials pursuant to

rules of criminal procedure.  The defendant asserts no objection to the government's discovery motion

and is hereby ordered to comply with discovery and disclosure obligations under the rules. The motion

is **granted** [Docket No. 28].

      2.  **Motion for Suppression of Illegally Seized Evidence.**  Defendant moves generally for suppression of search and seizure evidence, as well as derivative evidence.  The government opposes the motion and advises the court and counsel that evidence that may be pertinent to this motion was obtained by trash searches and warrants to search packages.  Testimony was presented and exhibits were received in regards to this motion.  The matter will be addressed to the district court on **Report and Recommendation**. [Docket No. 64].

      3.  **Motion for Suppression of Statements Made by Defendant.**  Defendant moves for suppression of his own statements.  The government advises the court and counsel that this defendant made no statements or admissions to government agents.  The motion is **moot** [Docket No. 65].  The matter will not be submitted to the district court on report and recommendation.

      4.  **Motion to Suppress Evidence Derived from Unlawful Searches and Seizures or Statements Unlawfully Obtained from the Defendant.**  Defendant herein seeks suppression of evidence which was obtained as a result of prior unlawful conduct by officers, as well as evidence that may be characterized as fruit of the poisonous tree.  The government correctly asserts that the motion is moot with respect to statements and direct search and seizure evidence.  The prosecution also contends that the motion is not sufficiently specific with respect derivative evidence.  Testimony and exhibits were presented at hearing with regard to direct search and seizure evidence, and the issue of derivative evidence will be considered in that context.  This separate motion is **moot** [Docket No. 66].  The matter will not be submitted to the district court on report and recommendation.

5. **Motion for Discovery and Inspection.**  Defendant moves for broad discovery and disclosure under the Federal Rules of Criminal Procedure.  The prosecution opposes the motion on grounds that it is overbroad and seeks discovery to which the defendant is not entitled under the rules, but further asserts that required discovery has been provided and will continue to be provided as it becomes available.  Specifically, the government requests that it be ordered to comply with expert disclosure requirements no closer than 14 days prior to trial.  The defendant does not challenge the governments assertions.  The United States should provide discovery as required under Rule 16 and Brady v. Maryland, 373 U.S. 83 (1963) and as subsequently delineated in the case law, including limitations upon the government's obligations.  Expert disclosures shall be provided at least 14 days prior to trial The motion is **granted** as stated herein.  [Docket No. 67].

6. **Motion for List of Government Witnesses.**   The defendant moves for disclosure of a list of trial witnesses, along witness addresses.  Pursuant to Arcoren v. United States, 929 F.2d 1235, 1242 (8th Cir. 1991), *cert. denied*, 502 U.S. 913 (1991), disclosure of such a witness list is not required by Fed. R. Crim. P. 16.   Defendant's motion for disclosure of the government witness list is **denied** [Docket No. 69].

7. **Motion for Early Disclosure of Jencks Act Material.**   Defendant requests an order requiring the government's early compliance with disclosure rules and the Jencks Act, including disclosure of Jencks statements at least one week prior to trial.  The prosecution opposes the motion.  The government may not be compelled to disclose Jencks material prior to presentation of witness testimony at trial.  However, the government agrees to disclose materials covered by this request three days prior to trial.  The motion is **denied**  [Docket No. 71].

3

8.   **Motion for Disclosure of Grand Jury Minutes and Transcript.**  Defendant moves for disclosure of grand jury materials, asserting generally that the materials may provide grounds to support a motion to dismiss, or show that the indictment was based upon illegally obtained evidence. The government states that transcripts of grand jury witness testimony has been provided, but opposes the motion to the extent it seeks further disclosure of grand jury proceeding transcripts.  Pursuant to Fed. R. Crim. P. 6(e), grand jury records and transcripts are subject to a general rule of secrecy. Exceptions allowing disclosure are cited in Rule 6(e)(3).  Defendant has not shown a particularized need for the grand jury materials.  United States v. Broyles, 37 F.3d 1314, 1318 (8th Cir. 1994).  The motion for disclosure of grand jury minutes and additional transcripts is therefore **denied** [Docket No. 73].

9.   **Motion for Disclosure of Rule 404 Evidence.**  Defendant moves pursuant to Fed. R. Evid. 404 for disclosure of evidence of bad acts or similar courses of conduct on the part of the defendant.  The government does not oppose the motion and agrees to disclose Rule 404(b) evidence 14 days prior to trial.  The motion is **granted** [Docket No. 75] on the condition stated herein. Identification of witnesses through whom such evidence will be presented shall be done in accordance with the district court's pretrial order on disclosure of witness and exhibit lists.

10.   **Motion for Disclosure of Impeachment Evidence.**  Defendant moves for disclosure of evidence relating to witnesses and their credibility.  The government generally has no objection to making disclosures pursuant to its obligations under the rules and case law and asserts that it has and will continue to comply with those obligations.  The United States should disclose impeachment information and evidence favorable to the defense as required under Brady v. Maryland,

4

373 U.S. 83 (1963) and United States v. Giglio, 405 U.S. 150 (1970) and as subsequently delineated

in the case law, including limitations upon the government's obligation. The motion is **granted** on the

conditions noted herein.  [Docket No. 77].

11.  **Motion for Disclosure of Electronic Surveillance and Wiretapping.**

Defendant moves for discovery of electronic surveillance or wiretap evidence.  The government advises

the court and counsel that electronic surveillance was not used in the investigation in this matter and

there is no evidence before the court that this defendant was the subject of electronic surveillance or

wiretaps.  The motion is **denied as moot** [Docket No. 79].

12.  **Motion for Disclosure of Guideline Sentencing Information.**  Defendant

moves for disclosure of information relating to application of federal sentencing guidelines in this case.

The government opposes the motion and asserts that it has no obligation under the rules to provide such

materials.  Any interpretation or application of fact material to the guidelines is essentially work product

and is not subject to discovery.  Guidelines sentencing information and sharing of information,

assessments, and impressions is useful with respect to plea negotiations, but court intervention or court

order in this regard is not appropriate.  This information is not discoverable pursuant to the work

products doctrine.   It is an appropriate subject for pretrial discussions between counsel, and the court

encourages such discussion, but disclosure of guidelines material will not be compelled.  The motion is

**denied** [Docket No. 81].

13.  **Motion for Government Agents to Retain Rough Notes.**  Defendant moves

for an order for preservation of rough notes of investigators.  The government does not oppose the

motion to retain rough notes but opposes any order for production of notes.  The motion to retain rough

notes is **granted.** [Docket No. 83].  Disclosure of rough notes is not herein required, and the court makes no determination with respect to whether rough notes may be construed as statements.

14. **Motion to Require the Justice Department to Conduct Search of Other Agencies.**  Defendant moves for prosecution inquiry and disclosure of pertinent information in the possession of other government agencies.  The government opposes the motion.  The prosecution will be required to make any search and disclose information only to the extent required pursuant to its disclosure obligations under the rules and relevant case law.  To the extent that defendant demands an affirmative search for exculpatory evidence, the motion to conduct a search of government agencies is **denied** [Docket No. 85].

15. **Motion for Disclosure of Identities of Confidential Informants.**  Defendant moves the court to disclose the identity of confidential informants used in this case.  The government asserts that the existence of an anonymous informant has been disclosed and the motion is otherwise moot.  The defendant does not dispute this representation.  The motion is **moot** [Docket No. 87].

16. **Motion for Participation by Counsel in Voir Dire.**  Defendant requests that he be allowed to participate in jury voir dire.  Jury voir dire is an aspect of trial procedure and management that is entirely within the discretion of the trial court.  The motion for participation in voir dire is **denied** [Docket No. 88].  Defendant is not hereby precluded from making the motion directly to the trial court.

17. **Motion for Severance.**  Defendant moves for severance of defendants for separate trials.  The government opposes the motion.  The matter will be addressed to the district court on **Report and Recommendation**. [Docket No. 90].

6

18. **Motion for Bill of Particulars.**  Defendant moves for a bill of particulars setting forth specific facts underlying the charges in the indictment.  The prosecution opposes defendant's motion, asserting that the indictment is sufficiently specific and that further particulars are available in discovery materials that have been produced.  It is the court's determination that the indictment, along with government disclosures, are sufficient to inform the defendant of the charges against him and prevent surprise or prejudice at trial.   U.S. v. Fleming, 8 F.3d 1264, 1265 (8th Cir. 1993).  Defendant's motion for bill of particulars is **denied**. [Docket No. 91].

19. **Motion to Adopt Non-duplicitous Motions of Co-defendants.**  Defendant moves to incorporate co-defendant motions that may be applicable to him.  The government opposes the motion asserting that defendant has the capacity to directly file motions without reliance on motions by reference or adoption.  To the extent discovery and disclosure is required under the rules and case law, it applies to all defendants.  Evidentiary issues may be related but are unique to each individual.  The motion is **denied** [Docket No. 92].  Nonetheless, the court's recommendations shall apply with the same effect to this defendant, as may be applicable.

20. **Motion for Extension of Time in which to File Additional Pre-trial Motions.**  Defendant herein seeks additional time to file motions in the event that continuing discovery warrants such motions.  The government does not oppose the motion except to the extent it seeks a broad extension of time for motions.  The general motion for extension of time for motions is **denied** [Docket No. 93].  However, defendant is not herein precluded from presenting additional motions, including motions to suppress, upon showing good cause for not timely making such a motion pursuant to the initial deadline.

7

Dated:      March 24, 2008

   s/ Arthur J. Boylan
Arthur J. Boylan
United States Magistrate Judge